UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL THOMAS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. |
| ) | |
| CARROLL COUNTY, INDIANA, ) | |
| CARROLL COUNTY SHERIFF'S ) | |
| OFFICE, and TOBIAS LEAZENBY, in his ) | |
| Individual Capacity and Official Capacity ) | |
| as Sheriff of Carroll County, Indiana, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' COMPLAINT**

COMES NOW the Plaintiff, MICHAEL THOMAS (hereinafter, "THOMAS"), by and through his Counsel, Nicholas A. Snow of Harris Law Firm, P.C., and as and for his Complaint for Damages against the Defendants, now offers the following:

**JURISDICTION AND VENUE**

1. This action is brought against CARROLL COUNTY, INDIANA (hereinafter, "CARROLL COUNTY"), the CARROLL COUNTY SHERIFF'S OFFICE (hereinafter, "CCSO"), and TOBIAS LEAZENBY (hereinafter, "LEAZENBY"), in both his individual capacity and his official capacity as elected SHERIFF of CARROLL COUNTY, INDIANA. Jurisdiction exists pursuant to 28 U.S.C. §1331 and §1342 based on 42 U.S.C § 1983 and questions of federal constitutional law for deprivations of the Plaintiffs' civil liberties. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. § 1367.

2. The unlawful actions described herein were committed wholly in the Northern District of Indiana, within the CCSO; accordingly, the United States District Court for the Northern District of Indiana is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) (1-

1

2).

## PRELIMINARY FACTS

3. CARROLL COUNTY, INDIANA is located within the Northern District of Indiana.

4. The CCSO is a county law enforcement agency located in the City of Delphi, Carroll County, INDIANA.

5. At all times relevant hereto, TOBE LEAZENBY was the elected Sheriff of Carroll County, Indiana and the highest-ranking officer in the CCSO.

6. At all times relevant hereto, MICHAEL THOMAS was an officer and employee of the CCSO and resided in the Town of Bringhurst, Carroll County, Indiana.

7. THOMAS has been a faithful, productive, and commended officer for the CCSO, with no history of discipline or malfeasance, since 1997; during that time, he has served under the administration of four (4) elected Sheriffs, including LEAZENBY.

8. LEAZENBY first took office as elected Sheriff of Carroll County on January 1, 2015 after being elected in the 2014 General Election.

9. After taking office, on January 1, 2015, LEAZENBY promoted THOMAS to the position of Chief Deputy—the second-highest ranking position in the CCSO.  As a result of this promotion, THOMAS received a pay increase, additional authority pursuant to standard department policies, and a desirable Monday through Friday "days" schedule.

10. THOMAS continued to serve as Chief Deputy through the entire first term of LEAZENBY, and continued in that role when LEAZENBY was re-elected in the 2018 General Election.

11. At some point after the 2018 General Election, LEAZENBY approached THOMAS and stated that he had heard that "another CCSO officer" was going to run for Sheriff of Carroll County in the 2022 Primary Election, and if that officer was elected, that officer had promised LEAZENBY that he would be appointed Chief Deputy at that time.

2

12. THOMAS subsequently elected to run for Sheriff of Carroll County in the 2022 Primary Election. LEAZENBY was not eligible for re-election due to term limits, but gave indications that he favored another candidate, Tony Liggett (hereinafter, "Liggett"), over THOMAS. Upon THOMAS's information and belief, Liggett is the officer referred to in Paragraph 11 of this Complaint, who promised LEAZENBY that he would be appointed Chief Deputy if he was elected.

13. Upon THOMAS's information and belief, LEAZENBY and others in the CCSO did not approve of THOMAS running for office, in part because THOMAS had made suggestions and offered assistance in the investigation of a high-profile child homicide investigation, which were overruled and which LEAZENBY and others in the CCSO feared would become publicized as a result of the campaign and/or THOMAS's potential election.

14. In the course of the 2022 Primary Election campaign, LEAZENBY and other CCSO officers engaged in a pattern of harassment and employment-related activity adverse to THOMAS' interests, including but not limited to the following

- Removing THOMAS from high-profile criminal investigations;
- Posting pictures in the workplace of other officers wearing clothing that indicated their support of Liggett;
- Refusing to associate with THOMAS and avoiding contact with him, to the extent that THOMAS became concerned at times that he would have no backup if he needed to call for it;
- Making negative, degrading, and defaming comments about THOMAS in conversations and over the internal computer network "chat," which were visible and/or audible to other officers in the department including THOMAS;
- Overruling decisions that THOMAS made pursuant to the authority associated

3

    with his Chief Deputy position;

- Subverting THOMAS's authority as Chief Deputy by "going over his head" to obtain authority directly from LEAZENBY;

- Placing THOMAS in supervision of the Animal Control division of the CCSO, but then overruling virtually every decision THOMAS made and/or action THOMAS took; and

- Removing THOMAS from his position on the CPS Review Board and replacing him with Liggett.

15. On May 3rd, 2022, Liggett defeated THOMAS in the Republican Primary Election for Carroll County Sheriff.

16. Three days later, after approximately seven (7) years and six (6) months of service in the position without discipline, malfeasance, or any indication of poor performance, LEAZENBY notified THOMAS that he had been demoted from his position as Chief Deputy. During the conversation, LEAZENBY mentioned "recent events" as a factor in his decision.

17. THOMAS was subsequently placed on 12-hour rotating shifts and would serve as a patrol officer. At that time, THOMAS observed that a number of other officers within the CCSO appeared to have known about the pending demotion prior to its occurrence, or at least prior to THOMAS having been made aware of it.

18. At the time THOMAS was demoted from the Chief Deputy position, Liggett was appointed to replace him.

19. Following, and even prior to, the announcement of his intention to run for office as Carroll County Sheriff, THOMAS has been directly and intentionally targeted for not supporting Liggett, whom LEAZENBY has supported in Liggett's own bid for the office.

20. LEAZENBY is a policy maker within the CCSO, and decisions concerning the CCSO are made at his discretion.

21. As a result of his running for the office of Carroll County Sheriff and refusal to support Liggett, THOMAS has been subjected to a work environment of extreme animus where his every move has been watched and criticized, and which LEAZENBY has condoned and/or done nothing to prevent.

## FIRST CAUSE OF ACTION
### SUBSTANTIVE VIOLATION OF CONSTITUTIONAL FREEDOM OF SPEECH AND EXPRESSION; FIRST AMENDMENT; 42 U.S.C., SEC. 1983, AND THE FOURTEENTH AMENDMENT

22. THOMAS realleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

23. The actions complained of herein were taken as a custom, usage, or policy by the CCSO's policy maker and highest-ranking officer, LEAZENBY.

24. THOMAS has been subjected to demotion and retaliatory animus within the CCSO, a public institution, which has caused irreparable injury to his constitutional rights, income, and benefits by suppression of his political beliefs and speech, a constitutionally protected expression.

25. The actions complained of herein are discriminatory, arbitrary, capricious, unconstitutional, and have no valid or substantive basis.

26. The government has no power to restrict lawful expression because of its message, subject or content.

27. The actions of the Defendants, as alleged herein, go well beyond an incidental restriction on freedom of expression and constitute suppression of constitutionally protected activity and expression.

## SECOND CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL EQUAL PROTECTION OF LAWS, 42 U.S.C. SEC. 1983; FIFTH AND FOURTEENTH AMENDMENTS

28. THOMAS realleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

29. For the reasons specifically set forth herein, THOMAS has been treated differently and unequally by the Defendants in comparison to other employees. The Defendants have acted discriminatorily, irrationally, and arbitrarily towards THOMAS, who is a person being discriminated against.

## THIRD CASUE OF ACTION
### VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS, FIFTH AND FOURTEENTH AMENDMENTS; 42 U.S.C., SEC. 1983

30. THOMAS realleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth hereat.

31. THOMAS has been targeted and suffered pecuniary loss due to his political affiliations and beliefs.

32. LEAZENBY has sought to make an example of political dissidents and intentionally targeted THOMAS, who did not support the election of LEAZENBY's chosen candidate. The deprivations suffered by THOMAS are all at LEAZENBY's behest, in his capacity as elected Sheriff of Carroll County and the highest-ranking officer in the CCSO.

33. The above-alleged facts constitute constitutional violations and deprivations of the THOMAS' rights in that the Defendants' actions and conduct are gravely unfair, inherently impermissible and create a substantive due process violation, pursuant to the Due Process Clause, as per the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983.

6

**WHEREFORE**, THOMAS respectfully demands compensatory damages to compensate him for damages and losses, a separate award of attorney's fees pursuant to 42 U.S.C. § 1988, and all other legal or equitable relief which the Court determines he is entitled in this circumstance.

## JURY DEMAND

Plaintiffs request this matter be tried by jury.

Respectfully Submitted,

/s/ NICHOLAS A. SNOW
Nicholas A. Snow, #25391-64
**HARRIS LAW FIRM, P.C.**
11410 Broadway
Crown Point, IN 46307
Tel: (219)661-1110
Fax: (219)661-1118
Email: nick@harrislawfirmpc.net

*Attorney for Plaintiff,*
*Michael Thomas*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022, I electronically filed the forgoing with the Clerk of the Court for the United States District Court for the Northern District of Indiana by using the CM / ECF system. I certify that all participants will receive service though the CM / ECF system.

/s/ *NICHOLAS A. SNOW*
Nicholas A. Snow

7